# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE CHON AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF JAMES CHON,<br><br>       Plaintiff,<br><br>   -v-<br><br>EZRICARE, LLC,<br><br>       Defendant. | Case No. 25-cv-2043 |

## DEFENDANT EZRICARE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant EzriCare, LLC ("EzriCare"), by and through undersigned counsel and submits its Answer to Plaintiff's Complaint, as follows:

## I. NATURE OF THE ACTION

1.   EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph, and therefore denies it.

2.   EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this Paragraph, and therefore denies it.

3.   EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this Paragraph, and therefore denies it.

4.   EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this Paragraph, and therefore denies it.

5.   EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this Paragraph, and therefore denies it.

6.   EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this Paragraph, and therefore denies it.

7. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this Paragraph, and therefore denies it.

8. EzriCare Denies the allegations set forth in this paragraph.

9. EzriCare Denies the allegations set forth in this paragraph.

10. EzriCare Denies the allegations set forth in this paragraph.

11. EzriCare Denies the allegations set forth in this paragraph.

## II. THE PARTIES

12. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies it.

13. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies it.

14. EzriCare admits it is a New Jersey Limited Liability Company registered in the State of New Jersey and with its principal place of business located in New Jersey. EzriCare denies the remaining allegations set forth in this paragraph. EzriCare specifically denies that it manufactured, designed, imported, labeled, or packaged EzriCare Artificial Tears.

## III. JURISDICTION AND VENUE

15. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

16. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

## IV. FACTS

17. EzriCare states that the Artificial Tears product has an NDC number, which speaks for itself. Ezricare Denies the remaining allegations set forth in this Paragraph.

18. EzriCare admits that it sold EzriCare Artificial Tears product. EzriCare Denies the remaining allegations set forth in this Paragraph. EzriCare specifically denies that it manufactured, designed, imported, labeled, or packaged EzriCare Artificial Tears.

19. EzriCare states the label of the EzriCare Artificial Tears speaks for itself. Ezricare Denies the remaining allegations set forth in this Paragraph.

20. EzriCare states the label of the EzriCare Artificial Tears speaks for itself. Ezricare Denies the remaining allegations set forth in this Paragraph.

21. EzriCare states the label of the EzriCare Artificial Tears speaks for itself. Ezricare Denies the remaining allegations set forth in this Paragraph.

22. EzriCare states the label of the EzriCare Artificial Tears speaks for itself. Ezricare Denies the remaining allegations set forth in this Paragraph.

**The *Pseudomonas Aeruginosa Bacteria***

23. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies it.

24. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies it.

25. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies it.

*Pseudomonas Aeruginosa* **and EzriCare Artificial Tears**

26. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies it.

27. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies it.

28. EzriCare admits the Centers for Disease Control ("CDC") has published statements regarding Artificial Tears products. EzriCare denies the remaining allegations contained in this paragraph.

29. EzriCare admits the CDC has published statements regarding Artificial Tears products. EzriCare denies the remaining allegations contained in this paragraph.

30. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies it.

*<u>Product Recall</u>*

31. EzriCare admits it published a series of statements on January 24, 2023, February 1, 2023, and February 2, 2023 on the website ezricare-info.com. These statements speak for themselves. EzriCare denies the remaining allegations contained in this paragraph.

32. EzriCare admits it published a series of statements on January 24, 2023, February 1, 2023, and February 2, 2023 on the website ezricare-info.com. These statements speak for themselves. EzriCare denies the remaining allegations contained in this paragraph.

33. EzriCare admits the Food and Drug Administration ("FDA") has published statements regarding artificial tears products. EzriCare Denies the remaining allegations set forth in this Paragraph.

**TOLLING OF THE STATUTE OF LIMITATIONS AND ESTOPPEL.**

34. EzriCare Denies the allegations set forth in this paragraph.

35. EzriCare Denies the allegations set forth in this paragraph.

36. EzriCare Denies the allegations set forth in this paragraph.

37. EzriCare Denies the allegations set forth in this paragraph.

38. EzriCare Denies the allegations set forth in this paragraph.

39. EzriCare Denies the allegations set forth in this paragraph.

**AS AND FOR AN ANSWER TO**
**COUNT ONE: STRICT LIABILITY — FAILURE TO WARN**

40. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as though fully set forth herein.

41. EzriCare admits that it sold EzriCare Artificial Tears product. EzriCare Denies the remaining allegations set forth in this Paragraph.

42. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies it.

43. EzriCare Denies the allegations set forth in this paragraph.

44. EzriCare Denies the allegations set forth in this paragraph.

45. EzriCare Denies the allegations set forth in this paragraph.

46. EzriCare Denies the allegations set forth in this paragraph.

47. EzriCare Denies the allegations set forth in this paragraph.

48. EzriCare Denies the allegations set forth in this paragraph.

49. EzriCare Denies the allegations set forth in this paragraph.

50. EzriCare Denies the allegations set forth in this paragraph.

51. EzriCare Denies the allegations set forth in this paragraph.

52. **WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

## AS AND FOR AN ANSWER TO
## COUNT TWO: STRICT LIABILITY
## (DESIGN AND/OR MANUFACTURING DEFECT)

53. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as though fully set forth herein.

54. EzriCare denies the allegations set forth in this paragraph. EzriCare specifically denies that it manufactured, designed, imported, labeled, or packaged EzriCare Artificial Tears.

55. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

56. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

57. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

58. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies it.

59. EzriCare denies the allegations set forth in this paragraph.

60. EzriCare denies the allegations set forth in this paragraph.

61. **WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

## AS AND FOR AN ANSWER TO
## COUNT THREE: PRODUCTS LIABILITY
## (NEGLIGENT FAILURE TO WARN)

62. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as though fully set forth herein.

63. EzriCare denies the allegations set forth in this paragraph. EzriCare specifically denies that it manufactured, designed, imported, labeled, or packaged EzriCare Artificial Tears.

64. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

65. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

66. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

67. EzriCare denies the allegations set forth in this paragraph.

68. EzriCare denies the allegations set forth in this paragraph.

69. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

70. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

71. EzriCare Denies the allegations set forth in this paragraph.

72. EzriCare Denies the allegations set forth in this paragraph.

73. EzriCare Denies the allegations set forth in this paragraph.

74. **WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

## AS AND FOR AN ANSWER TO
## COUNT FOUR: NEGLIGENCE
## (DESIGN AND/OR MANUFACTURING DEFECT)

75. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as though fully set forth herein.

76. EzriCare denies the allegations set forth in this paragraph. EzriCare specifically denies that it manufactured, designed, imported, labeled, or packaged EzriCare Artificial Tears.

77. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

78. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

79. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies it.

80. EzriCare Denies the allegations set forth in this paragraph.

81. The allegations contained in this paragraph set forth a legal conclusion to which no

response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

82. EzriCare denies the allegations set forth in this paragraph.

83. EzriCare denies the allegations set forth in this paragraph.

84. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

85. EzriCare denies the allegations set forth in this paragraph.

86. EzriCare denies the allegations set forth in this paragraph.

87. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

88. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

89. EzriCare denies the allegations set forth in this paragraph.

90. **WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

## AS AND FOR AN ANSWER TO
## COUNT FIVE: NEGLIGENCE AND/OR GROSS NEGLIGENCE

91. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as though fully set forth herein.

92. EzriCare denies the allegations set forth in this paragraph, including all its subparts.

93. EzriCare denies the allegations set forth in this paragraph.

94. EzriCare denies the allegations set forth in this paragraph.

95. EzriCare denies the allegations set forth in this paragraph.

96. EzriCare denies the allegations set forth in this paragraph.

97. EzriCare denies the allegations set forth in this paragraph.

98. EzriCare denies the allegations set forth in this paragraph.

99. EzriCare denies the allegations set forth in this paragraph.

100. **WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

## AS AND FOR AN ANSWER TO
## COUNT SIX: NEGLIGENCE
## (NEGLIGENT MISREPRESENTATION)

101. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as though fully set forth herein.

102. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

103. EzriCare denies the allegations set forth in this paragraph.

104. EzriCare denies the allegations set forth in this paragraph.

105. EzriCare denies the allegations set forth in this paragraph.

106. EzriCare denies the allegations set forth in this paragraph.

107. **WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

### AS AND FOR AN ANSWER TO
### COUNT SEVEN: FRAUD

108. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as though fully set forth herein.

109. EzriCare denies the allegations set forth in this paragraph. EzriCare specifically denies that it manufactured, designed, imported, labeled, or packaged EzriCare Artificial Tears.

110. EzriCare denies the allegations set forth in this paragraph.

111. EzriCare denies the allegations set forth in this paragraph.

112. EzriCare denies the allegations set forth in this paragraph.

113. EzriCare denies the allegations set forth in this paragraph.

114. EzriCare denies the allegations set forth in this paragraph.

115. EzriCare denies the allegations set forth in this paragraph.

116. EzriCare denies the allegations set forth in this paragraph.

117. **WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

### AS AND FOR AN ANSWER TO
### COUNT EIGHT: FRAUDULENT CONCEALMENT

118. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as

though fully set forth herein.

119. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the remaining allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

120. EzriCare denies the allegations set forth in this paragraph.

121. EzriCare denies the allegations set forth in this paragraph.

122. EzriCare denies the allegations set forth in this paragraph.

123. EzriCare denies the allegations set forth in this paragraph.

124. EzriCare denies the allegations set forth in this paragraph.

125. EzriCare denies the allegations set forth in this paragraph.

126. EzriCare denies the allegations set forth in this paragraph.

127. **WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

## AS AND FOR AN ANSWER TO
## COUNT NINE: BREACH OF EXPRESS WARRANTY

128. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as though fully set forth herein.

129. EzriCare denies the allegations set forth in this paragraph.

130. EzriCare denies the allegations set forth in this paragraph.

131. EzriCare denies the allegations set forth in this paragraph.

132. **WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this

Honorable Court deems just and proper.

**AS AND FOR AN ANSWER TO**
**COUNT TEN: BREACH OF IMPLIED WARRANTY**

133. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as though fully set forth herein.

134. EzriCare denies the allegations set forth in this paragraph.

135. EzriCare denies the allegations set forth in this paragraph.

136. EzriCare denies the allegations set forth in this paragraph.

137. **WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

**AS AND FOR AN ANSWER TO**
**COUNT ELEVEN: NEGLIGENT FAILURE TO TIMELY RECALL**

138. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as though fully set forth herein.

139. EzriCare denies the allegations set forth in this paragraph. EzriCare specifically denies that it manufactured, designed, imported, labeled, or packaged EzriCare Artificial Tears.

140. EzriCare denies the allegations set forth in this paragraph.

141. EzriCare denies the allegations set forth in this paragraph.

142. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

143. The allegations contained in this paragraph set forth a legal conclusion to which no response is required. To the extent the allegations are not legal conclusions, EzriCare denies the allegations set forth in this paragraph.

144. EzriCare denies the allegations set forth in this paragraph.

145. EzriCare denies the allegations set forth in this paragraph.

146. EzriCare denies the allegations set forth in this paragraph.

147. EzriCare denies the allegations set forth in this paragraph.

148. EzriCare denies the allegations set forth in this paragraph.

149. EzriCare denies the allegations set forth in this paragraph.

150. **WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

### AS AND FOR AN ANSWER TO
### COUNT TWELVE: PUNITIVE DAMAGES

151. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as though fully set forth herein.

152. EzriCare denies the allegations set forth in this paragraph.

153. EzriCare denies the allegations set forth in this paragraph, including all its subparts.

154. EzriCare denies the allegations set forth in this paragraph.

155. EzriCare denies the allegations set forth in this paragraph.

**WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

## AS AND FOR AN ANSWER TO
## COUNT THIRTEEN: WRONGFUL DEATH

156. EzriCare hereby reasserts and re-alleges its responses to the paragraphs above, as though fully set forth herein.

157. EzriCare is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph, and therefore denies it.

158. EzriCare denies the allegations set forth in this paragraph, including all its subparts.

159. EzriCare denies the allegations set forth in this paragraph.

160. EzriCare denies the allegations set forth in this paragraph.

**WHEREFORE,** EzriCare demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

## EZRICARE'S DEFENSES AND AFFIRMATIVE DEFENSES

In addition to the defenses and denials set forth above, EzriCare asserts the following affirmative and other defenses. In pleading these defenses, EzriCare does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing herein stated is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations:

1. Plaintiff's Complaint fails to state a cause of action against EzriCare for which relief can be granted and should be dismissed with prejudice.

2. Plaintiff's claims are barred for failure to join necessary and/or indispensable parties.

3. If Plaintiff was damaged, which EzriCare denies, the negligence/fault of one or more persons and/or entities for whose conduct EzriCare is not legally responsible reduces or completely bars Plaintiff's alleged right to recover against EzriCare.

4. If Plaintiff was damaged, which EzriCare denies, the negligence/fault of Plaintiff constitutes the sole, intervening, and superseding cause of Plaintiff's alleged damages.

5. If Plaintiff was damaged, which EzriCare denies, the actions of one or more persons or entities for whose conduct EzriCare is not legally responsible constitute an intervening and superseding cause of Plaintiff's alleged injuries and/or damages.

6. The design characteristics complained of in the Complaint, i.e. the alleged defects of the EzriCare Artificial Tears was not known and, in light of the existing, reasonably-available scientific and technological knowledge, could not have been known at the time the EzriCare Artificial Tears were distributed by EzriCare.

7. If Plaintiff recovers from EzriCare, it is entitled to a contribution, set-off, and/or indemnification, either in whole or in part, from all persons or entities whose negligence/fault proximately caused or contributed to cause Plaintiff's alleged damages.

8. Plaintiff's damages are attributable to an independent, intervening cause.

9. The EzriCare Artificial Tears, if used by Plaintiff, was misused such that the misuse was the proximate cause of the incident and Plaintiff's alleged damages.

10. Plaintiff failed to mitigate their damages, if any, in the manner required by New York law. To the extent Plaintiff has failed to mitigate their damages and protect himself from avoidable consequences, their damages should be so reduced.

11. If Plaintiff sustained damages as alleged in the Complaint, which EzriCare denies, the application of joint and several liability law violates EzriCare's constitutional rights under the

Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the New York State Constitution, in one or more of the following respects:

    a.    The application of joint and several liability is equivalent to the imposition of an excessive fine or cruel and unusual punishment;

    b.    The application of joint and several liability exposes EzriCare to multiple punishments and fines for the same act;

    c.    The application of joint and several liability discriminates against EzriCare in that EzriCare may be held legally responsible for paying damage awards entered against other defendants solely on the status or material wealth of various other defendants, thereby denying equal protection under the law;

    d.    The application of joint and several liability without informing the jury of the effect of joint and several liability violates the equal protection and substantive and procedural due process requirements of both the New York State Constitution and the United States Constitution; and

    e.    The application of joint and several liability constitutes an impermissible burden upon interstate commerce and otherwise violates EzriCare's equal protection and due process rights.

12.    Plaintiff is not entitled to punitive damages because Plaintiff's allegations are legally insufficient to support a claim for punitive damages.

13.    Plaintiff's punitive damages claim against EzriCare fails because EzriCare demonstrated reasonable care. An intent to injure, actual or constructive, is completely absent in this case. EzriCare did not act with a flagrant disregard for the safety of others, and therefore any award of punitive damages is barred.

14. Plaintiff's punitive damages claim constitutes a violation of due process and other constitutional rights of EzriCare as set forth in the United States Supreme Court decision in *State Farm Mut. Auto. Ins. Co. v. Campbell*.

15. Plaintiff's claims for punitive damages cannot be sustained to the degree it seeks to punish EzriCare for alleged harm to non-parties and/or to persons not before the Court. Imposition of punitive damages under such circumstances would violate EzriCare's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and EzriCare's due process and equal protection rights under cognate provisions of the State Constitution, and would be improper under the common law and public policies of the United States and State of New York and/or any other state whose law is deemed to apply in this case.

16. EzriCare further pleads any applicable limitations on recovery of damages as to amount or type as may be applicable to this matter under New York law and/or any other state whose law is deemed to apply in this case.

17. The damages claimed by Plaintiff are not recoverable, in whole or in part, under the law of the State of New York and/or any other state whose law is deemed to apply in this case.

18. Plaintiff's case may be subject to dismissal or transfer under the doctrine of forum non conveniens.

19. EzriCare asserts as a defense any party's failure to preserve evidence and/or the spoliation of evidence, to the extent shown by further discovery.

20. EzriCare reserves the right to assert all other defenses and affirmative defenses that become known to it through the course of discovery in this matter by seeking leave to amend or by consent of the parties as permitted by the rules.

21. Plaintiff lacks standing under Article III of the United States Constitution to pursue the claims asserted herein.

**WHEREFORE,** EzriCare denies that Plaintiff is entitled to any recovery or any form of relief whatsoever described in Plaintiff's PRAYER FOR RELIEF, including any relief sought in subparts (a)-(g), and demands judgment in its favor and against Plaintiff, together with its costs, including reasonable attorneys' fees, and any other relief that this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

EzriCare demands a trial by jury on all issues so triable.

Dated: New York, New York
April 18, 2025

SHOOK, HARDY & BACON L.L.P.

By: /s/ *Joseph A. Iemma*
Joseph A. Iemma
1 Rockefeller Plaza, Suite 2801
New York, New York 10020
Telephone: (212) 989-8844
Facsimile: (929) 501-5455
Email: jiemma@shb.com
***Attorneys for Defendant***
***EzriCare, LLC***

## **CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that on April 18, 2025, a copy of the foregoing document was filed electronically using the CM/ECF System, which will send notification of such filing to all counsel of record.

Dated: April 18, 2025

                                              /s/ *Joseph A. Iemma*
                                              Joseph A. Iemma